UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

CHRISTINA ENNIS; MICHAEL MENDEZ; and MAURICE TRULL,

Plaintiffs,

v.

14TH & COMMERCIAL CIC-FHHP, LP, d/b/a ST. TERESA OF CALCUTTA APARTMENTS; ROYAL PROPERTY MANAGEMENT GROUP; and HYDER PROPERTY MANAGEMENT PROFESSIONALS LLC,

Defendants.

Case No.: 3:23-cv-01316-AHG

**ORDER DENYING PLAINTIFFS' REQUEST FOR ATTORNEY FEES**

**[ECF No. 104]**

Before the Court is the parties' Joint Motion regarding Plaintiffs' request for attorney fees incurred in connection with Plaintiffs' Motion to Enforce the Settlement Agreement. ECF No. 104. Plaintiffs seek fees for 36.5 hours of work by Plaintiffs' counsel, Ann E. Menasche, at a rate of $910 per hour, for a total of $33,215. ECF No. 104 at 4; ECF No. 105 ¶¶ 7, 10. Defendants oppose any award of fees. ECF No. 104 at 4–6.

# I. BACKGROUND

Plaintiffs initiated the underlying action in July 2023, alleging that persistent breakdowns and malfunctions of the elevators at their apartment building denied Plaintiffs, each of whom has a mobility disability, meaningful access to their housing. ECF No. 1 ¶¶ 1–3. Plaintiffs asserted claims under the Fair Housing Amendments Act, 42 U.S.C. § 3601 *et seq*.; Section 504 of the Rehabilitation Act, 29 U.S.C. § 794; and various provisions of California law. *Id.* at 9–20. Among other relief, Plaintiffs sought injunctive relief requiring Defendants to maintain operable elevators and reasonable attorney fees as provided by federal and state law. *Id.* at 21.

The parties ultimately resolved the action through a written Settlement Agreement and Release ("Settlement Agreement" or "Agreement"). The Agreement specifically addresses attorney fees and costs and states that "[t]hereafter, Defendants will have no further obligation to Plaintiffs or their counsel for attorney fees and costs, except as expressly set forth herein." Settlement Agreement ¶ 1(b)(i). The Agreement separately provides that "[t]he Parties will bear their own attorneys' fees and costs, except as otherwise provided for herein." *Id.* ¶ 1(d).

The Agreement also provides a process for resolving future compliance disputes and grants the Court continuing jurisdiction for that purpose. *Id.* ¶ 18. The Agreement separately requires quarterly Working Group meetings during the two-year enforcement period to review compliance with the terms of the Agreement and receive regular updates regarding the working status of the elevators. *Id.* ¶ 19. The Court continues to hold these meetings to monitor compliance and facilitate discussion regarding the elevators. Although the Agreement establishes these procedures for monitoring and enforcing compliance, it does not provide for an award of attorney fees incurred in doing so. *Id.* ¶¶ 18–19.

In April 2026, Plaintiffs filed a Motion to Enforce the Settlement Agreement. ECF No. 91. Following a hearing on May 27, 2026, the Court granted the Motion in part. ECF No. 98. The Court ordered that the remaining vandal-proof elevator buttons be installed by June 30, 2026, with a per-day penalty for noncompliance, but denied Plaintiffs' request to

require a reset of the elevators. *Id.* The Court permitted Plaintiffs to request attorney fees through a joint motion process. ECF No. 102 at 32. The Court did not determine at that time whether Plaintiffs were entitled to such fees.

Plaintiffs now seek fees for 36.5 hours that Ms. Menasche spent investigating, preparing, and litigating the Motion to Enforce the Settlement Agreement. ECF No. 105 ¶¶ 2, 7. Defendants oppose the request. ECF No. 104 at 4–6.

## II. LEGAL STANDARD

Federal courts possess authority to enforce settlement agreements in cases properly before them where jurisdiction to enforce the settlement has been retained. *See Doi v. Halekulani Corp.*, 276 F.3d 1131, 1136–38 (9th Cir. 2002); *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1994). Here, the parties expressly consented to the Court's continuing jurisdiction for purposes of enforcing the Settlement Agreement. ECF No. 68.

The Court's authority to enforce a settlement agreement does not itself provide a basis for an award of attorney fees. Rather, under the American Rule, parties ordinarily bear their own attorney fees unless a statute or contract provides otherwise. *See Peter v. NantKwest, Inc.*, 589 U.S. 23, 28 (2019); *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252–53 (2010).

A party may waive a statutory right to attorney fees as part of a settlement. *See Muckleshoot Tribe v. Puget Sound Power & Light Co.*, 875 F.2d 695, 697–98 (9th Cir. 1989). In *Muckleshoot*, the Ninth Circuit explained that a settlement may waive statutory fee rights where its language clearly accomplishes that result. *Id.* at 698. Specifically, "[i]f the decree contains an explicit reference to fees or the breadth of the release is so 'sweeping' that it necessarily includes attorneys' fees, a waiver may be found." *Id.* If the agreement is silent or ambiguous, however, waiver is not presumed. *Id.* at 698–99; *see also Wakefield v. Mathews*, 852 F.2d 482, 484 (9th Cir. 1988). The Ninth Circuit has further explained that "any waiver or limitation of attorney fees in settlements of § 1983 cases must be clear and unambiguous," and that the logic of *Muckleshoot* applies to civil rights settlements generally. *Erdman v. Cochise County*, 926 F.2d 877, 880–81 (9th Cir. 1991).

In *Muckleshoot*, the Ninth Circuit found no waiver because the settlement merely provided for dismissal of the underlying action with prejudice and did not address costs or attorney fees. 875 F.2d at 697–99. The court distinguished such silence from settlement language expressly limiting or releasing fee liability. *Id.* at 698.

## III. DISCUSSION

### A. The Agreement Does Not Provide for Additional Attorney Fees

Unlike the settlement in *Muckleshoot*, the Agreement here expressly addresses Plaintiffs' attorney fees. The Agreement required Defendants to make a specific payment to reimburse Plaintiffs for attorney fees and costs already incurred. Immediately after setting forth that obligation, the Agreement states that "[t]hereafter, Defendants will have no further obligation to Plaintiffs or their counsel for attorney fees and costs, except as expressly set forth herein." Settlement Agreement ¶ 1(b)(i). Paragraph 1(d) provides that "[t]he Parties will bear their own attorneys' fees and costs, except as otherwise provided for herein." *Id.* ¶ 1(d).

The Agreement also specifically provides a process for future compliance disputes, including continuing jurisdiction before the undersigned, meet-and-confer requirements, an opportunity to cure, submission of unresolved disputes to the Court, and the possibility of additional briefing. *Id.* ¶ 18. The parties did not include in those provisions an exception permitting Plaintiffs to recover attorney fees incurred through enforcement proceedings. This reading is also consistent with the Agreement's integration and modification provisions. The Agreement constitutes the parties' entire agreement and may be modified only by a writing executed by the parties. *Id.* ¶¶ 9(a), 14. The Court therefore will not read into the Agreement an additional fee-shifting provision that the parties did not include.

Other courts considering attorney fees for post-settlement work have similarly focused on the language of the settlement agreement. In *Roe v. White*, the plaintiffs sought attorney fees after settling their statutory claims, but the settlement expressly provided that each party would bear its own costs and fees. No. C 03-04035 CRB, 2006 WL 335237, at *1 (N.D. Cal. Feb. 13, 2006). The court denied the request, explaining that the plaintiffs

had settled their statutory claims subject to that express fee provision. *Id.* The court distinguished cases permitting statutory fee awards because the settlements in those cases did not expressly provide that the parties would bear their own costs and attorney fees. *Id.*

By contrast, in *Fitzgerald v. City of Los Angeles*, the settlement released the defendants from "any further obligations to pay any further amounts," but did not expressly state that future attorney fees were included. No. CV 03-01876 DDP (RZx), 2009 WL 960825, at *4–6 (C.D. Cal. Apr. 7, 2009). The court found that language ambiguous and therefore insufficient to waive fees incurred in connection with later work to extend and enforce the injunction. *Id.* at *5–6. The court noted that the agreement did not state that the payment covered amounts owed "now or in the future" or otherwise clearly refer to "future" or "not yet incurred" fees. *Id.* at *5. Here, by contrast, the Agreement states that "[t]hereafter, Defendants will have no further obligation" for "attorney fees and costs" except as expressly provided, and separately provides that the parties will bear their own attorney fees and costs.

In *Constantino v. U.S. Bank, N.A.*, the plaintiffs successfully moved to enforce a settlement agreement and then sought additional attorney fees incurred in connection with the enforcement proceedings. CV. No. 09-00066 DAE-RLP, 2011 WL 7428936, at *2–3 (D. Haw. Dec. 15, 2011). The settlement had expressly addressed the plaintiffs' entitlement to attorney fees. *Id.* at *2. In rejecting the request for additional fees, the court noted that the plaintiffs failed to identify authority permitting recovery under the substantive law underlying the settled claims where the settlement itself expressly addressed attorney fees. *Id.* The court further explained that the plaintiffs "cannot have it both ways": they could not obtain enforcement of the settlement agreement while also asking the court to disregard another provision of that same agreement. *Id.* at *3. Nor could the plaintiffs "pick and choose which provisions of a settlement agreement should be enforced and which should not." *Id.* The court concluded that awarding additional attorney fees "would require the Court to rewrite the parties' agreement." *Id. See also R & R Acquisitions Texas, LLC v. Kauai Resort Partners, LLC*, No. CV 08-00348 SPK-KSC, 2009 WL 10702857, at *2 n.2

(D. Haw. Oct. 9, 2009), *report and recommendation adopted*, 2009 WL 10702866 (D. Haw. Nov. 24, 2009) (concluding that a party remained bound by the settlement's attorney-fee provision despite later compliance problems).

The same reasoning applies here. Plaintiffs invoked the Settlement Agreement and obtained enforcement of a portion of its terms. Plaintiffs cannot seek enforcement of the Agreement while disregarding the provisions of that same Agreement governing attorney fees.

**B. Plaintiffs Have Not Established an Independent Legal Basis for an Award**

Plaintiffs also have not identified any contractual, statutory, or other legal authority for the requested fees. Plaintiffs argue that the Motion to Enforce was necessary because the vandal-proof buttons remained uninstalled and elevator problems continued. ECF No. 104 at 2; ECF No. 105 ¶ 5. They further argue that the Motion prompted installation of the buttons. ECF No. 104 at 2–3; ECF No. 105 ¶ 7. Such arguments relate to whether counsel's work was reasonably undertaken or whether the Motion produced meaningful results, but they do not answer the threshold question of what legal authority permits Plaintiffs to shift the cost of that work to Defendants notwithstanding the Agreement's provisions governing attorney fees.

Rather than identifying such authority, Plaintiffs proceed directly to the amount of fees requested, identifying the hours counsel spent on the Motion to Enforce and her requested hourly rate. *See* ECF No. 104 at 3–4; ECF No. 105 ¶¶ 7, 10. But the hours and hourly rate Plaintiffs identify do not establish that they are entitled to recover those fees in the first instance.[1]

[1] Because Plaintiffs have not established entitlement to additional attorney fees, the Court does not reach the reasonableness of Ms. Menasche's requested hourly rate or the hours claimed. Although Ms. Menasche describes her experience and states that her hourly rate is $910, she provides no evidence that the requested rate is consistent with prevailing rates in the relevant community for comparable work. *See* ECF No. 105 ¶ 10; *Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir. 1987) (explaining that a fee applicant

The Court does not discount counsel's efforts to obtain compliance with the Settlement Agreement. Plaintiffs obtained partial relief on the Motion to Enforce, including an order requiring installation of the remaining vandal-proof elevator buttons by a certain date. ECF No. 98. But Plaintiffs' partial success on the Motion does not itself provide a legal basis for an award of attorney fees.

## IV. CONCLUSION

For the reasons discussed above, Plaintiffs have not established a legal basis for an award of additional attorney fees. Accordingly, Plaintiffs' request for $33,215 in attorney fees incurred in connection with the Motion to Enforce the Settlement Agreement is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 14, 2026

Honorable Allison H. Goddard
United States Magistrate Judge

---

must produce satisfactory evidence, in addition to counsel's own affidavit, that the requested rate is consistent with prevailing community rates); *see also Roberts v. City & Cnty. of Honolulu*, 938 F.3d 1020, 1025 (9th Cir. 2019) ("It is the responsibility of the attorney seeking fees to submit evidence to support the requested hourly rate.").